Filed: 3/6/2023 10:09 AM
Michael Gould
District Clerk
Collin County, Texas
By Gabrialla Fraide Deputy
Envelope ID: 73357837

Cause No. 199-01126-2023 _____

| | | |
|---|---|---|
| LAWRENCE E. CHAVEZ | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | COLLIN COUNTY, TEXAS |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF AUTMOATIC STAY UNDER RULE 736.11

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lawrence E. Chavez, ("Plaintiff(s)"), and serves this, Plaintiff's Original Petition against Defendants, Wells Fargo Bank, N.A. ("Defendant(s)"), and in support thereof, would respectfully show the Court as follows:

I.
Discovery Level

1.  Discovery of this matter shall be conducted pursuant to Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

II.
Parties

2.  Plaintiff, Lawrence E. Chavez is the owner of the residence located at 3409 Gardenbrook Way, Plano, Texas 75074 (the Residence). Plaintiffs may receive all correspondence and filings via their attorney of record herein.

3.  Defendant, Wells Fargo Bank, N.A. is a financial institution and conducts business in Collin County, Texas. **Defendant may be served with process by serving it at 3476 Stateview Blvd., Fort Mill, SC 29715.**

III.

Venue

4.  Venue is proper in Collin County, Texas, as that all or a substantial part of the events

or omissions giving rise to the claim occurred in Collin County, Texas and it involves

real property located in Collin County, Texas. Tex. Civ. Prac. & Rem. Code §15.002(a)

and §15.011.

IV.

Facts

5.  Plaintiff is the owner of the Residence located at 3409 Gardenbrook Drive, Plano,

Texas 75074, which is also plaintiff's homestead. (the "Residence").

6.  The home was originally purchased as a new build by plaintiff and his now deceased

wife in 2004.

7.  Much later, on May 21st 2018, Plaintiff and his wife refinanced the Residence under a

Texas Home Equity Loan with Supreme Lending.

8.  Approximately one month later, on June 23rd, 2018 Lawrence's wife passed away at

the age of 73.

9.  Shortly after that, in 2020, Lawrence, who was still suffering the loss of his wife, began

suffering financial losses due to Covid-19.

10. Lawrence quickly reached out to his lender to see what could be done to keep him from

falling behind.

11. The servicer advised that they would put him on a Covid forbearance plan and that when the forbearance was over they would simply add the missed payments to the back of the loan.

12. The forbearance ended up lasting 18 months.

13. After the rough period caused by Covid Lawrence started seeing a rebound in his business and was able to start making payments again sometime around November of 2021.

14. This lasted through May of 2022 at which point he discovered that his loan servicer would not accept his June 2022 payment.

15. When he called in he found out that they had not placed those 18 months of payments on the back of the loan and were now insisting that he bring the loan current by paying the entire lump sum of payments from the forbearance in full.

16. They advised that if he could not do that, they could have him apply for a Home Loss Prevention program.

17. The forms they sent him were very confusing and his servicer was of no help, and included his deceased wife's name on all of them.

18. He called back in several times to discuss the forms, and advised them of his wife's passing; however, Lawrence never saw any corrected forms come from his servicer.

19. He also advised, during several of these conversations, that he wanted to change the deed and loan documents into his name only since his wife had been passed for some time now.

3

20. Instead of advising him on what he needed to do to get that done, or even that he should speak with an attorney to get advice on how to get that done, they told him "don't worry about it."

21. After this back and forth with Wells Fargo Lawrence discovered that his home was going to the foreclosure auction.

22. To Lawrence's best recollection, he cannot remember ever receiving a letter advising him of an amount that needed to be cured or paid to avoid foreclosure, nor does he remember receiving a notice of sale.

## V.
## Causes of Action

A.    *Automatic Stay and Dismissal if Independent Suit Filed*

1. Texas Rules of Civil Procedure 736.11 (a)-(e) "Automatic Stay and Dismissal if Independent Suit Filed" states, in pertinent part, as follows (emphasis added):

    a.  "A proceeding or order under this rule is *automatically stayed* if a respondent files a separate, original proceeding in a court of competent jurisdiction that *puts in issue any matter* related to the origination, servicing, or enforcement of the loan agreement, contract, or lien *sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale*."

    b.  "Respondent must give prompt notice of the filing of the suit to petitioner or petitioner's attorney and the foreclosure trustee or substitute trustee by any reasonable means necessary to stop the scheduled foreclosure sale."

    c.  "Within ten days of filing suit, the respondent must file a motion and proposed order to dismiss or vacate with the clerk of the court in which the application was filed giving notice that respondent has filed an original proceeding. ... If an order has been signed, the court *must vacate* the Rule 736 order."

    d.  "If the automatic stay under this rule is in effect, any foreclosure sale of the property is void."

2.  As stated above, Defendant filed its application to foreclose on the underlying subject property of this action and was granted an order under Cause No. 199-03443-2022 under Rule 736 to proceed with foreclosure.

3.  Respondent, now Plaintiff in this petition, now files this, a separate original proceeding in this court, which is a court of competent jurisdiction.

4.  This petition, as is evidenced from the sworn facts above, and from the arguments herein, puts in issue matters related to the servicing and enforcement of the contract and loan agreement which is the subject of this litigation and of the Order issued under Rule 736 in Cause No. 199-03443-2022.

5.  Therefore, as per TRCP 736.11 (a) and (c), the order issued under the above noted cause number, and the resulting foreclosure scheduled to proceed on March 7th, 2023 in Collin County must be automatically stayed and, upon prompt notice to the Defendant and timely filing of a motion and proposed order in the Defendant's original proceeding, the Court must vacate the Defendant's Rule 736 order.

6.  Plaintiff humbly requests that an automatic stay be immediately in effect on the Order in Cause No. 199-03443-2022 and issue an order to vacate that judgment upon prompt notice to the Defendant and a timely filing of a motion and proposed order in the Defendant's Rule 736 case.

B.    *Notice to Cure and Notice of Sale Not Sent to Plaintiff*

23.  The power of acceleration is a harsh remedy and calls for close scrutiny. *See Vaughan v. Crown Plumbing & Sewer Serv., Inc., 523 S.W. 2d 72, 75 (Tex. Civ. App. – Houston (1st Dist.) 1975, writ ref'd n.r.e.).*   The exercise of the right of acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. *Shumway v. Horizon Credit Corp., 801 S.W.2d 890, 892 (Tex. 1991); and see Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 569–570 (Tex. 2001).*   Both notices must be "clear and unequivocal".  *Id. at 893 and 566.*   Finally, whether the right of acceleration was exercised is a fact question. *Holy Cross Church of God v. Wolf at 568.*

24.  In the case of a contractual lien on real property used as the debtor's residence, the debtor is entitled to a 20-day window of opportunity to cure any default before the mortgage servicer may provide notice of sale of the residence.  *Tex. Prop. Code Sect. 51.002.*   Accordingly, the mortgage servicer must provide written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien, and must give the debtor at least 20 days to cure the default before a subsequent notice of sale can be given [*Tex. Prop. Code § 51.002(d)*; *Bauder v. Alegria, 480 S.W.3d 92, 97–98 & n.8 (Tex. App.—Houston [14th Dist.] 2015, no pet.)* (when notice to cure and

6

notice of foreclosure were sent to wrong address, trial court properly set aside foreclosure sale).

25. Therefore, because both the 20 day notice to cure and notice of sale letters were not received by Plaintiff, it is very likely that they was not sent, according to the Plaintiff's sworn testimony herein, Plaintiff seeks declaratory relief that Defendant/Lender is not entitled to foreclose and requests that this court grant the request for a Temporary Restraining Order.

C.    *Declaratory Judgment*

26. As described above, and shown by the attached Exhibits, Defendant failed to provide proper notice of the March 7th, 2023 foreclosure sale.  The Plaintiff requests that the Court declare that any attempt to foreclose is a violation of Texas Property Code Sec. 51.001 et seq. and that the March 7th, 2023 foreclosure proceeding by the Defendant be ceased.

D.    *TDCA Violations*

7. All facts and allegations set forth above are incorporated by reference herein for all purposes.

8. The Texas Debt Collection Act (the "TDCA") is the Texas counterpart to the Federal Debt Collect Practices Act (the "FDCPA") and is found at TEX. FIN. CODE § 392.001 et. Seq.

9.  The TDCA provides remedies for wrongful debt collection practices used by a debt collector in debt collection. See Tex. Fin. Code§§ 392.001-.404; see also Ford v. City State Bank of Palacios, 44 S.W.3d 121, 135 (Tex. App.-Corpus Christi 2001, no pet.).

10. "Debt collection" is defined as the act or practice "in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code § 392.001(5).

11. Defendants violated the TDCA. See Tex. Fin. Code § 392.001 et seq.

12. To state a claim for a TDCA violation, the plaintiff is required to show that the defendant: (1) is a debt collector; (2) committed a wrongful act in violation of Tex. Fin. Code § 392.01 et seq.; (3) against the plaintiff; and (4) as a result, the plaintiff was injured. See McCaig v. Wells Fargo Bank (Texas), NA., 788 F.3d 463, 480-81 (5th Cir. 2015) ("[t]he statutory text [of the TDCA] contains no intent requirement . . . as suggested by the statute's plain text, district courts have recognized that facially innocuous misrepresentations made in the course of an attempt to collect a debt constitute a violation of [the TDCA ]."); see also Catherman v. First State Bank, 796 S.W.2d 299, 302 (Tex. App.-Austin 1990, no writ).

13. The debt in question relating to Plaintiffs' home is a "consumer debt" within the meaning of such statute because the debt is an obligation for personal, family, or household purposes. Tex. Fin. Code § 392.001(1), (2). Furthermore, Plaintiffs are "consumers" within the meaning of Tex. Fin. Code § 392.001.

14. A "debt collector" is "a person who directly or indirectly engages in debt collection." Id. § 392.001(6). This definition also includes a mortgage servicer. See Miller v. BAC Home Loans Servicing, LP, 726 F.3d 717, 723 (5th Cir. 2013). Defendants, therefore, are debt collectors.

15. Defendants' acts and omissions as alleged supra constitute TDCA violations. The TDCA provides that, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

   a. (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding. Tex. Fin. Code Ann.§ 392.304(a)(8).

   b. (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code § 392.304(a)(19).

16. Section 392.304(a)(19) is a catch-all provision that prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Birchler v. JPMorgan Chase Bank*, No. 4:14-CV-81-ALM, 2015 WL 1939438, at *5 (E.D. Tex. Apr. 29, 2015). Plaintiffs maintain that Defendants violated § 392.304(a)(19) when it falsely advised plaintiff that the 18 payments under forbearance would be tacked onto the end of the loan once the forbearance period had concluded.

9

17. The Fifth Circuit Court of Appeals has acknowledged that even if a loan is in default, a lender may still violate § 392.301(a)(8). "In determining whether foreclosure would be prohibited by law, however, what matters is whether the mortgagor has a right to foreclose, not whether the debt is considered in default." *McCaig v. Wells Fargo Bank (Texas), NA.,* 788 F.3d 463, 478 (5th Cir. 2015).

18. The Supreme Court of Texas has also opined that a party can recover injunctive relief and actual damages that are a "reasonably foreseeable result of the wrongdoer's conduct." Brown v. Oaklawn Bank, 718 S.W.2d 678, 680 (Tex. 1986). The Northern District has noted "that Brown suggests that the harm claimed must have been merely a 'reasonably foreseeable result' of alleged misconduct under the TDCA [but] it does not require that the harm be the sole result of a defendant's acts." Clark v. Deutsche Bank Nat'l Tr. Co., 3:14-CV-3590-B, 2016 WL 931216, at *7 (N.D. Tex. Mar. 11, 2016)(emphasis added). Thus, the causation standard for a TDCA violation is akin to the "producing cause" standard set forth in the Deceptive Trade Practices Act. See Tex. Bus. & Com. Code § 17.S0(a); Prudential Ins. Co. of Am. v. Jefferson Associates, Ltd., 896 S.W.2d 156, 161 (Tex. 1995).

19. Actual damages recoverable under the TDCA include damages for mental anguish and do not first require a showing of physical injury. Ledisco Fin. Servs. v. Viracola, 533 S.W.2d 951, 957 (Tex. App.-Texarkana 1976, no writ.); Monroe v. Frank, 936 S.W.2d 654, 661 (Tex. App.-Dallas 1996, writ dism'd).

10

20. Also, pursuant to Tex. Fin. Code § 392.403, Plaintiff is entitled to recover his attorneys' fees reasonably related to the amount of work performed and costs for all actions in the trial court and on appeal.

21. As a result of Defendants' TDCA violations, Plaintiff suffered severe mental anguish and emotional distress. Plaintiff is constantly worried and confused about the status of the loan. They also lost time away from work and suffered the inconvenience of having to resolve the matter. Therefore the court should order that Defendants violated the TDCA through their servicing of the loan and their attempted wrongful foreclosure and should be restrained from proceeding with foreclosure.

VI.
Remedies and Damages

***Accounting***

22. A request for an accounting is an equitable remedy used to determine the amount of damages. *See Hutchings v. Chevron U.S.A., Inc.,* 862 S.W.2d 752, 762 (Tex. App.-El Paso 1993, writ denied). ***It is a flexible, equitable remedy that may apply in various scenarios according to the sound discretion of the trial court.*** *See, e.g., Gifford v. Gabbard,* 305 S.W.2d 668, 672 (Tex. Civ. App.-El Paso 1957, no writ); *Southwest Livestock & Trucking Co.,* 884 S.W.2d 805, 810 (Tex. App.-San Antonio 1994, writ denied).

23. Plaintiff requests an Order for an accounting of all transactions on the mortgage loan.

***Attorney's Fees***

24. Based upon the foregoing, Plaintiff requests recovery from Defendants, pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, as well as pursuant to several laws cited and quoted above, for all costs and reasonable and necessary attorneys' fees incurred herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems necessary and just.

VII.
Conditions Precedent

25. All conditions precedent to Plaintiff's recovery on all claims and damages have been performed or have occurred.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

a.    An order to vacate that judgment upon prompt notice to the Defendant and a timely filing of a motion and proposed order in the Defendant's Rule 736 case.

b.    A Declaratory Order that Defendant is not entitled to foreclose;

c.    Compensatory damages be awarded within the jurisdictional limits of the Court;

d.    Pre-judgment and post-judgment interest as provided by law;

e.    Exemplary damages as requested herein or as determined by the Court; and

f.    Such other and further relief, both general and special, to which Plaintiff may be justly entitled, whether at law or in equity.

12

Respectfully submitted,

LAW OFFICES OF Ryan Daniel

By:   /s/ Ryan Daniel
          Ryan Daniel
          State Bar No. 24090604
          1525 US Hwy 380, Suite 500 #102
          Frisco, TX 75033
          ryan@ryandaniellaw.com
          (469)-688-0621
          **ATTORNEY FOR PLAINTIFF**

**VERIFICATION UNDER PENALTY OF PERJURY PER CPRC 132.001**

     My name is Lawrence Chavez, my date of birth is 4/13/1956 ,
and my address is 3409 Gardenbrook Way, Plano, Texas 75074. I declare under penalty
of perjury that the facts stated in this document are true and correct.

Executed in Dallas County, State of Texas, on March 6th, 2023.

Lawrence Chavez (Mar 6, 2023 10:00 CST)

13